RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
MONIQUE KIRTLEY
Assistant Federal Public Defender
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax

Attorneys for Gabriel Mesa

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:13-cr-418-APG-VCF |
| Plaintiff, | |
| vs. | |
| GABRIEL MESA, | |
| Defendant. | |

**MOTION FOR *IN CAMERA* HEARING TO COMPEL DISCLOSURE AND INTERVIEW OF INFORMANT PERCIPIENT WITNESS**

COMES NOW, the defendant, GABRIEL MESA ("Mr. Mesa"), by and through his attorney of record, Monique Kirtley, Assistant Federal Public Defender, and pursuant to Rules 12 and 47 of the Federal Rules of Criminal Procedure, LR 47-1 and *Brady v. Maryland*, 373 U.S. 83 (1963), hereby moves this court for an order granting an *in camera* hearing to compel the government to disclose the following documents and information regarding the confidential informant percipient witness in this case to the undersigned counsel:

1. The true name, date of birth and current and former addresses; or alternatively, whether or not the United States Government has knowledge of their whereabouts and is able to effectuate service of subpoenas or produce them for the purpose of interviews by the defense.

2. The case names and numbers of the prosecutions in which any confidential informant utilized in this case has previously been utilized as a confidential informant;

3. The case names and numbers of any trials or evidentiary hearings at which the confidential informant has testified concerning: his or her own prior criminal activity; payments or

1

rewards provided him or her by the government; efforts made to induce others to participate in criminal activity; or other purported law enforcement-related matters;

4. Any ledger, sheet, or other document which details the sums paid the confidential informant or his family in this or other cases in which the informant assisted the United States, the State of Nevada, or any other sister state, and the purpose of each such payment;

5. Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity or leniency, preferential treatment or other inducements made to the confidential informant, or to any family member, friend or associate of the informant or percipient witness, in exchange for the informant's cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing, or promises or expectancies regarding payments for expenses or testimony or eligibly for any award or reward;

6. Information or records concerning notification of potential prosecution or investigation made by the government to the informant or any member of his or her family;

7. FBI rap sheet, NCIC printout and any other records available to the government reflecting the arrest and conviction history of the informant;

8. Information concerning prior misconduct by the confidential informant both in the performance of his or her role as an informant and other than his or her role as an informant, including: any prior refusal of the informant to testify or assist the government; any prior allegation that the informant made false statements in connection with a criminal investigation; or other misconduct that reflects on the lack of candor, truthfulness or law abiding character of the informant, including but not limited to uncharged criminal conduct or fraud;

9. Any government agency files or other information revealing matters relevant to the confidential informant's credibility, mental or physical health, or narcotic or alcohol use or other dependency;

10. The date any agreement was made with said informants to perform the services performed in connection with the investigation relating to the above-entitled indictment and whether or not said informants were incarcerated at the time, or subject to any pending charges;

11. Communications of the informant(s) to law enforcement or government personnel, prior to, during and subsequent to the arrest of the defendant which relate to this incident;

12. Statements or records relating to this indictment maintained by the above-stated informant(s) from the period prior to the undercover activity in the instant offense, through present;

13. Copies of all bank accounts maintained by the informant(s); and

14. Any instructions provided by the United States Government to said informant(s) on acceptable or non-acceptable behavior in connection with their role in the above-stated investigation and activities in said investigation.

15. Information tending to show that any informant has made contradictory or inconsistent statements relative tot his case, any related case, or in regards to the defendant

Defendant asserts that said informant(s) need to be interviewed prior to trial.

///

2

1    This motion is supported by the following Memorandum of Points and Authorities, and by

2  all papers and pleadings on file herein.

3    DATED this 20th day of February, 2014.

4                                        Respectfully submitted,

5                                        RENE L. VALLADARES
                                         Federal Public Defender
6
                                         By: */s/ Monique Kirtley*
7                                        MONIQUE KIRTLEY
                                         Assistant Federal Public Defender
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS & AUTHORITIES**

2

**I.   Factual Background**

3

Mr. Mesa is charged in a five count criminal indictment with Possession of a Firearm by a

4 Convicted Felon on various dates (Counts one through four) and Possession of a Firearm with an

5 Obliterated Serial Number (Count 5). The charges initially stem from the participation of a

6 Confidential Informant in several controlled buys of firearms from Mr. Mesa.  The confidential

7 informant was involved ("CI") in controlled buys in counts one through four.

8

The CI's information and alleged controlled buys of firearms are the basis of the present

9 federal charges against Mr. Mesa.  As will be demonstrated below, the CI participation in the

10 controlled buys was a substantial and material basis for the alleged transactions in this case.

11

**II.   Legal Argument**

12 **A.     This Court Should Hold An *In Camera* Hearing With Defense Counsel Present
       To Determine If The Confidential Informant's Information Should Be Disclosed**

13 **To Insure The Defendant's Due Process Right To A Fair Trial Since The
       Defendant Has Met The Threshold Showing That The Information Would Be**

14 **Relevant And Helpful To His Defense.**

15

Mr. Mesa submits that, according to the discovery provided to defense counsel, the CI was

16 the only witness to the controlled buy in count one of the indictment.  In count two of the indictment

17 the informant was the only person privy to any statements Mr. Mesa made have made during an

18 alleged phone call between the CI and Mr. Mesa, in regarding the purchasing of a firearm.  In count

19 three of the indictment, it is alleged that Mr. Mesa called the CI and agreed to sell the CI firearms,

20 however this phone call was not recorded.  The CI is the only person privy to what was said during

21 the telephone conversation. For count four of the indictment, undersigned counsel has not yet

22 received the full Report of Investigation from the government therefore is not sure how involved the

23 CI was for this count.

24

The CI's involvement in the events alleged in indictment were substantial and material basis

25 for three, if not possibly four, out of five counts alleged in the federal criminal indictment.  The CI

26 was the precipitator, a participant, and a witness to the purported crimes.  The information received

27 from the informant  in the instant matter makes the informant a percipient or participating witness.

28 ///

1   The role and credibility of the informant  mandate that this information be disclosed in connection

2   with assessing the defendant's defense and preparation for trial.

3         Mr. Mesa contends that the information requested falls within the standards enunciated in

4   *Roviaro v. United States*, 353 U.S. 53 (1957), the leading case on disclosure of confidential

5   informant information.

6         **1.**     ***Roviaro***

7         In *Roviaro*, the defendant had filed a motion for bill of particulars requesting the name,

8   address and occupation of "John Doe," a percipient and participating witness to the drug transactions

9   charged against the defendant.   The government objected on the ground that John Doe was an

10  informer and that his identity was privileged.  The motion was denied, the case tried and appealed,

11  and the Supreme Court found prejudicial error. *Roviaro*, 353 U.S. at 65.

12        The Supreme Court acknowledged the existence of the informer's privilege, stating that said

13  privilege was "in reality the Government's privilege to withhold from disclosure the identity of

14  persons who furnish information of violations of law to officers charged with enforcement of that

15  law." *Roviaro*, 353 U.S. at 59.   The court explained that "[t]he privilege recognizes the obligation

16  of citizens to communicate their knowledge of the commission of crimes to law enforcement

17  officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*.

18        The Supreme Court also defined three limitations to this privilege, including the following:

19              A further limitation on the applicability of the privilege arises from
            the fundamental requirements of fairness. Where the disclosure of an

20              informer's identity, or of the contents of his communication, is
            relevant and helpful to the defense of an accused, or is essential to a

21              fair determination of a cause, the privilege must give way.  In these
            situations  the  trial  court  may  require  disclosure  and,  if  the

22              government withholds the information, dismiss the action. (footnotes
            omitted)

23              *Id*. at 60

24  Further, the *Roviaro* court held that as a matter of federal constitutional law, the fifth and sixth

25  amendments require the government to disclose the identity and/or any communications of

26  informants who were either active participants or percipient witnesses to an alleged offense.  The

27  court held that the testimony of such participant/percipient witnesses is "highly relevant" and could

28  be "helpful to the defense". *Roviaro*, 353 U.S. at 63.   Because of the constitutional mandates

enunciated in *Roviaro*, the government's limited privilege of non-disclosure of the identification and whereabouts of an informant must give way to the significant constitutional protection afforded to criminal defendants, especially when disclosure is material and relevant to the defense.

The government's interest in non-disclosure in the instant matter is clearly outweighed by Mr. Mesa's need to interview the informant due to the nature of the observations and participation of the informant in the incidents charged in the indictment. *Roviaro* mandates disclosure of an informant's identity where his communications were the basis for probable cause. Further, post-*Roviaro* cases have consistently required disclosure of an informant's identity where the person is an eyewitness to the charged crime. *United States v. Cadet*, 727 F.2d 1453, 1470 (9th Cir. 1984). *See also United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993)("[I]f they were percipient witnesses, these witnesses could provide eyewitness testimony; if not, they might still be able to provide information which might lead to a firsthand source or circumstantial evidence. Any such evidence would clearly be 'relevant and helpful' to preparing [a] defense"). As such, disclosure cannot be denied on the basis of the government's statement that the witness does not wish to be interviewed by the defendants. "[H]aving the prosecution pass along to an informant a request by defendants that they be allowed to interview him is no substitute for permitting defense counsel to ask the informant themselves." *United States v. Saa*, 859 F.2d 1067, 1074 (2d. Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989).

Moreover, where, as in this case, the informant's identity is highly relevant and potentially helpful to the defense, it would be "error of constitutional dimension to deny disclosure solely because of the potential danger to the informer." *United States v. Ordonez*, 737 F.2d 793 (9th Cir. 1984). The government has been provided statutory authority to take a wide range of measures for the protection of witnesses. *See* 18 U.S.C. § 3521. If these are unavailable or inadequate, the government can decide to refuse disclosure in spite of the court's order and thereby suffer a dismissal of the action. *Ordonez*, 737 F.2d at 809.

### 2.    Ninth Circuit Law.

Since the decision in *Roviaro*, the Ninth Circuit has had many occasions to apply the principles set forth therein to particular circumstances. In *United States v. Henderson*, 241 F.3d 638

(9th Cir. 2000), the Ninth Circuit held that "[b]alancing the defendant's and the government's interests, a district court must hold an *in camera* hearing whenever the defendant makes a minimal threshold showing that disclosure would be relevant to at least one defense." *Id.* at 645 (citations omitted).   In the instant case, disclosure of the identity and present location of the informant(s) is necessary to the preparation of the defense of the indictment.  *See United States v. Alexander*, 761 F.2d 1294 (9th Cir. 1985).  It would be a violation of the defendant's rights to compulsory process if the identity and communications of the informant were kept a government secret.  The informant used in the instant offense is not a mere tipster.  He or she participated fully in all aspects of the events leading to the instant indictment.

In *United States v. Amador-Galvan*, 9 F.3d 1414 (9th Cir. 1993), two defendants were charged and convicted of conspiracy to possess with intent to distribute over 5 kilograms of cocaine, and possession with intent to distribute over 5 kilograms of cocaine. *Id.* at 1416.  Before trial, the defendants moved to disclose the identities of four non-witness government informants. *Id.* at 1416-1417.   That motion was denied without an *in camera* hearing. *Id.* at 1417.   The Ninth Circuit, however, reversed, finding that the district court abused its discretion in failing to hold an *in camera* hearing to determine whether the informants in fact had information that would have been relevant and helpful to the defendants.  *Id.* at 1417.   The court reasoned that one or more of the four informants might have provided evidence weakening the government's case, either by eyewitness testimony or by providing information which might have led to a firsthand source or by providing circumstantial evidence. *Id.*   The court concluded that any such evidence would clearly be "relevant and helpful" to the defense. *Id.*

As a result of the Ninth Circuit's application of the *Roviaro* principles in numerous cases, it is reasonable to conclude that there exists a strong preference to order an *in camera* hearing when presented with a motion for disclosure. *See United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993) (remand to hold *in camera* hearing); *United States v. Johns*, 948 F.2d 599, 606 (9th Cir. 1991), *cert. denied*, 112 S.Ct. 3046 (1992)  (*in camera* hearing ordered); *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990) (*in camera* interview with informant who provided confidential tip that put surveillance of defendants in motion); *United States v. Williams*, 898 F.2d 1400, 1401-1402 (9th

1    Cir. 1990) (*in camera* hearing held where court questioned officer and informant in part from

2    questions submitted by the defense); *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir.

3    1989) (*in camera* interview ordered).

4         Indeed, it is a well-settled point of law that a district court, in exercising its discretion on

5    whether to conduct an *in camera* hearing, must hold such a hearing where the defendants have

6    shown that the information would be "relevant and helpful." *See, e.g., Spires*, 3 F.3d at 1238

7    ("Where a defendant makes a showing that identification of the government's confidential informant

8    may be relevant and helpful to a possible defense at trial, a district court abuses its discretion if it

9    fails to hold an *in camera* hearing on disclosure").

10        The Ninth Circuit requires disclosure where the testimony of the informant is necessary to

11   guarantee a defendant's right to a fair trial.  In *United States v. Ordonez*, 737 F.2d 793 (9th Cir.

12   1984), the Ninth Circuit reversed defendants' convictions and remanded for a *de novo in camera*

13   hearing on the disclosure of the confidential informant's identity.  *Id.* at 810.  The defendants in

14   *Ordonez* sought the identity of an informant whose information "triggered" the investigation against

15   them. *Id.* at 807.  The informant in the instant case not only triggered the investigation of the

16   defendant, but said informant was also a participant in and a percipient witness to the alleged

17   offense.

18        Upon review of the written discovery and the criminal indictment in this case, the

19   confidential informant is the central witness to the allegations of Mr. Mesa's participation in the

20   charged crimes.  The informant in question was the link that set the investigation against Mr. Mesa

21   into motion.  The CI was a percipient and material witness.  The CI also has information which

22   might lead to firsthand source or circumstantial evidence to rebut the allegation in this case.

23   Additionally, it is not clear whether the CI was ever used before by the government agent, therefore

24   the credibility and reliability of the informant are in question.  No public policy reason presently

25   exists to insulate this individual.  Mr. Mesa has demonstrated a material need for this information

26   and requests an order requiring disclosure of said information pursuant to *Roviaro* and its progeny.

27   / / /

28   / / /

1  **B.      This Court Should Compel Disclosure Of The Informant Witness Documents And Information.**

2

3  In *Brady v. Maryland*, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by

4  the prosecution of evidence favorable to an accused upon request violates due process where the

5  evidence is material to either guilt or punishment." *Id.* at 87.  Impeaching as well as exculpatory

6  evidence is favorable to the accused under *Brady*. *See, e.g., United States v. Bagley*, 473 U.S. 667,

7  676 (1985). *See also Giglio v. United States*, 405 U.S. 150, 154 (1972).

8  The disclosure of the informant information and documents as requested in this motion is

9  relevant to the defendant's defense of the charges levied against him in the indictment.  By its very

10  nature, the information and documentation sought herein is "favorable evidence", *i.e.*, it is

11  exculpatory or impeachment evidence. *See, e.g., United States v. Enriquez-Estrada*, 999 F.2d 1355,

12  1361 n.3 (9th Cir. 1993) (citing *Gordon*, 844 F.2d 1397, 1403 (9th Cir. 1988)).  And as the Ninth

13  Circuit has noted, "by definition criminal informants are cut from untrustworthy cloth and must be

14  managed and carefully watched by the government and the courts to prevent them from falsely

15  accusing the innocent, from manufacturing evidence against those under suspicion of crime, and

16  from lying under oath in the courtroom." *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir.

17  1993).

18  Accordingly, the defense is entitled to the information and documentation sought in this

19  motion pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150

20  (1972). *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1458 & 1461-1462 (9th Cir. 1992); *United*

21  *States v. Van Brandy*, 726 F.2d 548, 551 (9th Cir.), *cert. denied*, 469 U.S. 839 (1984).  This court

22  has limited power to order when the [*Brady* and *Giglio*] material must be disclosed. *United States*

23  *v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984).  However, disclosure "must be made at a time when

24  the [*Brady* and *Giglio* material] would be of value to the accused." *United States v. Davenport*, 753

25  F.2d 1460, 1462 (9th Cir. 1985).  Accordingly, this court should ensure prompt compliance and set

26  a realistic date, pretrial, for disclosure of *Brady* and *Giglio* material.

27  ///

28  ///

9

**Conclusion**

Mr. Mesa respectfully asserts that there is good cause to disclose the identity of the confidential informant used by detectives in this case.  The material requested is not a matter of discovery; it is a matter of fundamental fairness. Based upon the foregoing and in the interests of justice, this Court should grant an *in camera* hearing to Mr. Mesa compelling disclosure and interview of the informant.

Dated this 20th day of February, 2014.

Respectfully submitted,

RENE L. VALLADARES
Federal Public Defender

By: */s/ Monique Kirtley*
MONIQUE KIRTLEY
Assistant Federal Public Defender

1

**CERTIFICATE OF ELECTRONIC SERVICE**

2        The undersigned hereby certifies that she is an employee of the Law Offices of the Federal

3   Public Defender for the District of Nevada and is a person of such age and discretion as to be

4   competent to serve papers.

5        That on February 20, 2014, she served an electronic copy of the above and foregoing

6   **MOTION FOR *IN CAMERA* HEARING TO COMPEL DISCLOSURE AND**

7   **INTERVIEW OF INFORMANT PERCIPIENT WITNESS**, by electronic service (ECF) to the

8   person named below:

9

10        DANIEL G. BOGDEN
          United States Attorney
          Cristina D. Silva

11        Assistant United States Attorney
          333 Las Vegas Blvd. So., 5th Floor

12        Las Vegas, Nevada 89101

13

14                                    */s/ Karen Meyer*
                                      Employee of the Federal Public Defender

15

16

17

18

19

20

21

22

23

24

25

26

27

28