DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
PHONE: (702) 388-6336
FAX:  (702) 388-6418

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
## -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-cr-00418-APG-VCF |
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN DETENTION HEARING (Doc. #18) |
| vs. | |
| GABRIEL MESA, | |
| Defendant. | |

COMES NOW the United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and Cristina D. Silva, Assistant United States Attorney, and responds in OPPOSITION to the *Defendant's Motion to Reopen Detention Hearing* (Doc. #18) filed on March 21, 2014, by defendant GABRIEL MESA, by and through his attorney, Assistant Federal Public Defender Monique Kirtley.  The defendant has failed to present any new, material facts that would justify reopening his detention hearing.

## I.      RELEVANT PROCEDURAL HISTORY

On November 19, 2013, a Federal Grand Jury returned a criminal indictment charging the defendant, Gabriel Mesa, with four counts of *Possession of a Firearm by a Convicted Felon*, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of *Possession of a Firearm With a Removed Serial Number*, in violation of 26 U.S.C. §§ 5842, 5861(h), and 5871.  Doc. #1. The defendant is a two time convicted felon, having been convicted in 1994 conviction, in the State of

Nevada, for one count of Attempted Murder (Felony) and one count of Illegal Discharge of a Firearm (Felony), and in 2004, in the State and Federal District of Nevada, for one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Case No. 2:03-cr-00196-HDM-LRL). *Id.*

Defendant Mesa appeared before Magistrate Judge George W. Foley, Jr., on November 22, 2013, for his initial appearance and detention hearing.  At the conclusion of the hearing, the defendant was detained as a risk of appearance and as a danger to the community.  *See* Doc. #11, Detention Order Pending Trial at pg. 2.  On March 21, 2014, by and through his counsel, Assistant Federal Public Defender Monique Kirtley, Mesa filed a *Motion to Re-Open Detention Hearing*. Doc. #18.  The Government files this timely response opposing the re-opening of the defendant's detention hearing.

## II.        SUMMARY OF RELEVANT FACTS

The charges in the indictment arose from an undercover operation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF).  The Government provides a summary of the facts related to each count in the indictment as follows.

### A.  COUNT ONE: Possession of a Firearm by a Convicted Felon - October 3, 2012

On October 3, 2012, a confidential information ("CI") made arrangements to purchase two firearms from defendant Gabriel Mesa.  *See Exhibit 1,* Report of Investigation Number 4 at 1.  A law enforcement agent, acting in an undercover capacity (hereinafter "UC-1") drove with a confidential informant (hereinafter "CI") to defendant's residence, where the CI purchased two firearms and numerous rounds of ammunition for $800.00.  *Id.* at 2.  The firearms were subsequently identified as a black Springfield model XD, a .45 caliber semi-automatic pistol containing serial number US707256, and a black Heckler and Koch, a .45 caliber semi-automatic pistol containing serial number 25096092.  *Id.*

1    **B.  COUNT TWO: Possession of a Firearm by a Convicted Felon – October 16, 2012**

2         On October 16, 2012, the CI made arrangements to purchase another firearm from the

3    defendant.  *See Exhibit 2,* Report of Investigation Number 5 at 1. UC-1 then drove the CI to

4    defendant's residence, where defendant brought an item from inside his house and handed the item

5    to the CI, who then passed it to UC-1 for safekeeping inside the UC's vehicle.  *Id.* at 2.  The item

6    was later identified as a Bulldog Pug Revolver, a .33 caliber firearm with serial number 77333.  *Id.*

7    The CI paid $160.00 for the firearm.  *Id.*  A records check of the firearm revealed it had previously

8    been reported stolen.  *Id.* at pg. 2.

9    **C.  COUNT THREE: Possession of a Firearm by a Convicted Felon – November 1,
     2012**

10

11        On November 1, 2012, the CI made arrangements to purchase additional firearms from

12   defendant.  *See Exhibit 3,* Report of Investigation Number 8 at 1.  UC-1 then drove the CI to

13   defendant's residence and both the UC and the CI entered the residence.  *Id.* at pg. 2.  After

14   negotiating with defendant, the UC was able to purchase three firearms for $2,300.00.  *Id.*  The

15   firearms included a semi-automatic Springfield model XD40, a .40 caliber pistol with serial number

16   XD509660, a Universal Firearms Corporation model M1, a .30 caliber semi-automatic rifle with

17   serial number 79472, and a Double Star Corporation model Star15, an AR-15 style semi-automatic

18   rifle with serial number D0008205.  *Id.*  During the same transaction, Mesa provided the undercover

19   agent with speed loaders for the AR-15, and an extended magazine for the Springfield .40 caliber.

20   *Id.* at pg. 3.  All three firearms were previously reported stolen. *Id.*

21   **D.  COUNTS FOUR AND FIVE: Possession of a Firearm by a Convicted Felon and
     Possession of a Firearm with an Obliterated Serial Number– December 19, 2012**

22        On December 19, 2012, UC-1 contacted defendant and made arrangements to purchase

23   firearms.  *See Exhibit 4,* Report of Investigation Number 16 at 1. UC-1 then drove to defendant's

24   residence and purchased five firearms.  *Id.* at 2.  The firearms were later identified as follows: a

Kahr Arms PM9, a 9mm pistol with an obliterated serial number; a Hipoint C9, a 9mm pistol with serial number 1531687; a Jennings J22, a .22 caliber pistol with serial number 1011981; a Masterpiece Arms unknown model, a 9mm pistol with serial number F8032; and an Intratec TECDC9, a 9mm pistol with serial number D075233. *Id.* A subsequent analysis of the firearms revealed the Kahr Arms had an obliterated serial number. *Id.* at pg. 2. Moreover, the Hipoint 9mm had previously been reported stolen. *Id.*

### III.    ARGUMENT

On a motion for pretrial detention, the Government bears the burden, by clear and convincing evidence, to show that the defendant is a danger to the community, and by a preponderance of the evidence, to show that defendant is a flight risk. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).  18 U.S.C. § 3142(g) specifies the various factors that must be considered in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the community.  These factors are:

> (1) the nature and seriousness of the offense charged . . . (2) the weight of the evidence against the person . . .  (3) the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).  Here the Government met that burden and the defendant was appropriately detained.  *See generally* Doc. #11.

It is the Government's position that the Court did not err in finding that the defendant was both a danger to the community and a risk of non-appearance at his November 22, 2013 detention hearing.  The facts of the charged crimes reveal that the defendant repeatedly sold firearms to a

confidential information and/or an undercover agent.  The sales involved numerous firearms, which ranged from handguns to semi-automatic rifles, to a firearm with an obliterated serial number. Further, at the time the defendant engaged in this criminal conduct he had been a convicted felon for well over 20 years and was there aware of the fact that he was not allowed to possess firearms, much engage in the sale of firearms.  In fact, the defendant has previously been charged with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2)  in this District (Case No. 2:03-cr-00196-HDM-LRL).

Title 18, United States Code Section 3142(f) provides that in order for the defendant to request the re-opening of a detention hearing, there must be new information which was ". . . not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such a person as required and the safety of any other person and the community." *Id.*  While the defendant has provided information his family ties to the community, the Government asserts that this information is not new.  Rather the Court considered in family ties when ordering his detention.  *See* Doc. #11 at pg. 2.  Further, the information that was provided about a new potential job and home foreclosure does not rise to the level of being "material," and is therefore is insufficient to warrant a re-opening of defendant's detention hearing.   As a result, the Government respectfully requests that the defendant's *Motion to Re-Open Detention Hearing* be denied.

The information provided in defendant's Motion is insufficient to disturb Magistrate Judge George W. Foley's determination that the defendant is both a risk of flight and a danger to the community. The Court properly weighed the nature and seriousness of the crime instant case with the defendant's criminal history; a history that demonstrates the defendant fails to appear when ordered to do so and is also violent. The Court also properly weighed the information regarding the defendant's family ties, employment history, financial history, and history of substance abuse (which

1   includes daily consumption of alcohol and prior abuse of methamphetamine).  The record

2   demonstrates that the defendant has limited employment history, and substance abuse issues.  There

3   is ample support for the Court's finding that the defendant is both a risk of flight and a danger to the

4   community.  As a result, the Court did not err in detaining the defendant pending trial.

5                                    **IV.    CONCLUSION**

6            The Government asserts that defendant has not made a sufficient showing of new, material

7   information to justify the re-opening of his detention hearing.  Therefore, the defendant's request to

8   re-open his detention hearing should be denied.  Even if this Court permits the defendant to re-open

9   his detention hearing, the Court properly detained defendant based on all the evidence in this case,

10  the defendant's criminal history, and the lack of information regarding his family ties, employment

11  history, or financial resources.  As a result, the United States respectfully requests that the Court

12  deny defendant's request to re-open his detention hearing, and to maintain the defendant's pre-trial

13  detention.

14          DATED this 1st day of April, 2014.

15

16                                      Respectfully submitted,

17                                      DANIEL G. BOGDEN
                                        United States Attorney

18

19                                      _____//s//_____
                                        CRISTINA D. SILVA
20                                      Assistant United States Attorney

21

22

23

24

6

1

2

### <u>CERTIFICATE OF SERVICE</u>

3
      I, Cristina D. Silva, certify that the following individual was served with a copy of the

4
*Government's Response to Defendant's Motion to Reopen Detention Hearing Pursuant* on this date

5
by the below identified method of service:

6
*Electronic Case Filing*

7
Monique N. Kirtley
Assistant Federal Public Defender

8
Counsel for Defendant MESA
411 E Bonneville, Suite 250

9
Las Vegas, NV 89101

10

11
DATED:        April 1, 2014

12
                                    _____//s//_____
                                    CRISTINA D. SILVA
                                    Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24