**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>GABRIEL MESA,<br><br>                    Defendant. | 2:13–cr–418–APG–VCF<br><br>**ORDER** |

This matter involves the Government's prosecution of Gabriel Mesa for the possession of a firearm by a convicted felon. Between October 3, 2012, and December 19, 2012, Mesa allegedly sold various firearms to a confidential informant who was working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. (*See* Indictment #1[1]). Now, Mesa moves the court for an order compelling the Government to disclose information regarding the confidential informant (#14). The Government opposed (#27); and Mesa did not file a reply. For the reasons stated below, Mesa's motion is denied.

**LEGAL STANDARD**

In general, there is no constitutional right to discovery in criminal matters. *Weatherford v. Burse*, 429 U.S. 545, 559 (1977). However, Federal Rule of Criminal Procedure 16, the Jencks Act, 18 U.S.C. § 3500 (1994), and the Supreme Court decision in *Brady v. Maryland*, 373 U.S. 83, 87 (1963) permit discovery in limited circumstances.

In *Brady*, the Court determined that the due process clause requires the Government to disclose exculpatory evidence. *Brady*, 373 U.S. at 87. This includes material that is "favorable to the accused,"

---

[1] Parenthetical citations refer to the court's docket.

1

casts a shadow of a doubt on the credibility of the Government witnesses, or is "material to the defendant's guilt or innocence." *Kyles v. Whitley*, 514 U.S. 419, 432 (1995); *Giglio v. United States*, 405 U.S. 150, 154–55 (1972); *Smith v. Cain*, 132 S. Ct. 627, — U.S. — (2012); *see also* BLACK'S LAW DICTIONARY (9th ed. 2009), material evidence ("Evidence having some logical connection with the facts of consequence or the issues.").

The Ninth Circuit has held that the Government must disclose *Brady* material before trial when the information would be of value to the accused. *United States v. Nagra*, 147 F.3d 875, 881 (9th Cir. 1988). No court order is required. *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991) (quoting *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985)).[2] If the Government doubts the exculpatory value of information, disclosure is required. *See Whitley*, 514 U.S. at 439 (citing *United States v. Agurs*, 427 U.S. 97, 108 (1976) ("[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure")). The Government's failure to timely disclose *Brady* material may require a new trial. *United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir. 2004) (citing *United States v. Davis*, 578 F.2d 277, 280 (10th Cir. 1978)).

However, a criminal defendant's right to receive *Brady* material is not absolute. The Government holds a limited privilege to conceal the identity of its informants. *Roviaro v. United States*, 353 U.S. 53, 59 (1957); *United States v. Sai Keung Wong*, 886 F.2d 252, 255 (9th Cir. 1989) (citation omitted). This privilege protects the public's interest in effective law enforcement. *Roviaro*, 353 U.S. at 59 (citing *Scher v. United States*, 305 U.S. 251, 254 (1938)).

---

[2] Additionally, Nevada Rule of Professional Conduct 3.8(d), which has been adopted in the District of Nevada, states that "[t]he prosecutor in a criminal case shall [m]ake timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense." As stated in *United States v. Acosta*, "[w]hether evidence is 'useful,' 'favorable,' or 'tends to negate the guilt or mitigate the offense' are semantic distinctions without a difference in the pretrial context." *Acosta*, 357 F. Supp. 2d 1228, 1232 (D. Nev. 2005).

2

Under *Roviaro*, the Government's privilege is inapplicable where: (1) disclosing a communication will not tend to reveal the informant's identity; (2) the informant's identity has already been disclosed; or (3) disclosure of the informant's identity, or the contents of the communication, "is relevant and helpful to the defense, or is essential to a fair determination of a cause." *Roviaro*, 353 U.S. at 60–61.

A criminal defendant's "mere suspicion" that the informant's evidence is "relevant and helpful" under *Brady* will not defeat the Government's privilege under *Roviaro*. *See United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2001). However, if the privilege applies, and if the defendant makes a "'minimal threshold showing' that disclosure would be relevant to at least one defense," then the district court must hold an *in camera* hearing. *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (citing *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993)). *In camera* hearings are advantageous because they pose "little risk of disclosing the identity of the informant" and may provide many of the same benefits as disclosure itself, especially when defense counsel may participate under an order not to reveal any information disclosed during the hearing. *Id*. (citation omitted).

There is "no fixed rule" governing the court's decision to order the disclosure of *Roviaro* information. *Roviaro*, 353 U.S. at 62. The court must balance the extent to which disclosure would be relevant and helpful against the Government's interest in protecting its informants. *Id*. The Ninth Circuit has articulated a three prong test to assist the court with *Roviaro* balancing: "(1) the degree of the informant's involvement in the criminal activity; (2) the relationship between the defendant's asserted defense and the likely testimony of the informant; and (3) the government's interest in nondisclosure." *United States v. Gonzalo Beltran*, 915 F.2d 487, 489 (9th Cir. 1990) (citing *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir.1985)).

**DISCUSSION**

Mesa's motion to compel is denied without prejudice. As the Government correctly argues, the courts may only hold an in camera hearing if the defendant makes a "'minimal threshold showing' that disclosure would be relevant to **at least one defense**." *Henderson*, 241 F.3d at 645 (citing *Spires*, 3 F.3d 1234, 1238) (emphasis added). Mesa's motion does not show how the requested evidence is relevant to any defense. This is required by Ninth Circuit law. *See id*.

Mesa's motion argues that the information and documentation sought is "[b]y its very nature . . . 'favorable evidence.'" (Def.'s Mot. to Compel (#14) at 9:9–10). This may be true; but Mesa does not make any particularized showing that it is true. Indeed, Mesa's motion almost exclusively argues the law without any reference to the facts. (*See generally id*.). In the context of a motion to compel under *Roviaro* and *Brady*, Mesa must argue the facts.

For instance, Mesa seeks information relating to the confidential informant's criminal history. (*Id*. at 2:10). However, Mesa provides no basis for the assertion that the confidential informant has a criminal history. If the confidential informant has a criminal history, and the informant intends to testify at trial, which neither party has asserted, then the information would most likely have to be disclosed. However, there is no indication that the confidential informant will testify or any reason to believe that he has a criminal history. Faced with similar requests, courts have routinely stated that they cannot order the Government to produce information that does not exist. *See, e.g.*, *United States v. Sukumolachan*, 610 F.2d 685, 687 (9th Cir. 1980) ("*Brady* . . . does not require the government to create exculpatory material that does not exist."); *see also United States v. Edwards*, 442 F.3d 258, 266–67 (5th Cir. 2006) ("the prosecution has no duty [under *Brady*] to turn over to the defense evidence that does not exist").

Similarly, Mesa seeks information regarding the confidential informant's bank accounts and prior cases that the confidential informant allegedly worked on. (Def.'s Mot. to Compel (#14) at 2).

4

However, Mesa does not make any showing how this information exists or is (1) related to at least one defense or (2) is by its very nature helpful. *See Henderson*, 241 F.3d at 645; *Brady*, 373 U.S. at 87.[3] Accordingly, when the court considers the information Mesa seeks under *Roviaro* and *Brady*, the court's inquiry leads only to speculation. This is insufficient. *Henderson*, 241 F.3d at 645.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendant Mesa's motion to compel (#14) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED this 1st day of May, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[3] For the sake of clarity, the court notes for the record that the situation would be different if the Mesa made a minimal threshold showing and, in response, the Government speculated about the materiality of the requested information. If that were the case, Supreme Court has made it clear that the prudent prosecutor must disclose the information. *See Agurs*, 427 U.S. at 108. Here, however, it is the Defendant that speculates. In this case, the law disfavors disclosures. *See Henderson*, 241 F.3d at 645. The reason for this is that the court will not question the prosecutors discretion and duty to see that justice is done, *see*, *e.g.*, *Agurs*, 427 U.S. at 108, absent some showing from the Defendant that the prosecution is withholding favorable evidence.